## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:06-00136

FREDERICK G. DAVIS

**AND**

BRANCH BANKING AND TRUST
COMPANY, a North Carolina corporation,

                              Plaintiff,

v.  CIVIL ACTION NO. 3:04-01055

FREDERICK G. DAVIS, a resident of West
Virginia; DAVIS CHRYSLER PLYMOUTH
JEEP EAGLE, INC., a West Virginia corporation;
CARROLL D. FINK, a resident of Ohio, in his
own capacity and as Trustee of the Gale L. Fink
Trust dated May 8, 1992; GALE L. FINK TRUST
dated May 8, 1992, a trust established under the
law of Ohio; JULIE ANN BROWN, a resident
of Ohio; FINK'S USED CARS, an Ohio general
partnership or partnerships; EASY LEASING AND
RENTAL, INC., an Ohio corporation; UGLY
DUCKLING RENT A CAR INC., a indeterminable
entity and/or fictitious name,

                              Defendants.

### MEMORANDUM OPINION AND ORDER

Pending in the criminal action is the Government's Motion to Disclose Grand Jury Material. [Doc. No. 201]. For the following reasons, the Court **GRANTS** the motion.

# I.
# BACKGROUND

Both the criminal case and the civil case arise from the same factual background. On September 29, 2004, Plaintiff Branch Banking and Trust Company (BB&T) filed a civil lawsuit against Defendant Frederick G. Davis and Davis Chrysler Plymouth Jeep Eagle, Inc. Also named as defendants in the lawsuit are Carroll D. Fink, in his own capacity and as Trustee of the Gale L. Fink Trust dated May 8, 1992, the Gale L. Fink Trust dated May 8, 1992, Julie Ann Brown, Fink's Used Cars, Easy Leasing and Rental, Inc., and Ugly Duckling Rent a Car Inc. (jointly referred to as the Fink Defendants). In their Complaint, BB&T alleges that the defendants engaged in a complex and fraudulent auto-financing scheme which resulted in BB&T losing millions of dollars.

While the civil action was pending, the Government pursued a criminal action against Defendant Davis. As part of its investigation, the Government states that on or about January 29, 2004 and November 8, 2005, grand jury subpoenas were issued to Davis Chrysler Plymouth Jeep Eagle, Inc. and Fred Davis and/or Davis Chrysler Plymouth Jeep Eagle, respectively, for records related to the finances and operation of Davis Chrysler, as well as, other businesses owned and operated by Defendant. As a result of those subpoenas, the Government gathered voluminous original records. On June 14, 2006, a federal grand jury indicted Defendant Davis in a thirty-eight count indictment based upon the same activities alleged in the civil action. Shortly after the indictment was returned, the Government filed Combined Motions to Intervene and to Stay Discovery in the civil action. The Court granted the Government's motions, and stayed the civil action until the criminal action was resolved.

This Court presided over the criminal action. Ultimately, Defendant Davis entered a guilty plea on March 3, 2008, and was sentenced by this Court on July 10, 2008, to two concurrent twenty-six month sentences of imprisonment. After his sentencing, this Court lifted the stay in the civil proceedings and set a scheduling conference. Between the time the stay was lifted and the date of the scheduling conference, Defendant Davis voluntarily surrendered to begin his serving his sentence. As Defendant Davis was representing himself pro se in the civil litigation, this Court arranged for him to appear via telephone at the conference. At that conference, the Court expressed its concern about the civil action proceeding against Defendant Davis in light of his pro se and incarcerated status. Following briefing on that issue, the Court determined by Memorandum Opinion and Order entered on December 2, 2008, that the action should be stayed temporarily until Defendant Davis is released from prison.

On December 15, 2008, the Government filed its motion in the criminal case to disclose the original records obtained by the grand jury subpoenas. In its motion, the Government states it attempted to return the documents and material to Defendant Davis, but he represented to the Government that he is without the resources to retrieve and store the information. Believing the documents relevant to the civil action, the Government proposes in its motion that it release the material to the civil litigants pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure.[1]

---

[1] Rule 6(e)(3)(E)(i) provides that a "court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding[.]" *Fed. R. Crim. P.* 6(e)(3)(E)(i).

On December 23, 2008, the Court entered an Order in the civil action directing the parties to discuss the issue and report back to the Court on or before January 9, 2009, with a plan for handling the material. On January 5, 2009, Robert D'Anniballe, on behalf of Defendant Davis,[2] filed a letter with the Court requesting that the Government's motion be denied and the material be given to Defendant Davis' wife on the condition that the parties agree to protect her from liability for any alteration or misplacement of documents. BB&T and the Fink Defendants oppose Defendant Davis' request and state that they will not agree to protect his wife from liability. BB&T and the Fink Defendants recommended that the material be transported and stored by an independent party, with controlled access by the parties.

On January 12, 2009, the Court entered an Order directing BB&T and the Fink Defendants to provide additional and specific information regarding their proposal on or before January 30, 2009. The Court also directed BB&T and the Fink Defendants to attempt to reach an agreement with Defendant Davis regarding these issues. If an agreement could not be reached, the Court gave Defendant Davis until February 10, 2009, to respond to the proposal.

Before the proposal was submitted, Troy Giatras, who served as Defendant Davis' court appointed criminal defense counsel, filed a Response to the Government's motion in the criminal case. In the Response, counsel argued that disclosing the grand jury material to the civil

---

[2]Mr. D'Anniballe was retained as Defendant Davis' civil and criminal attorney. Mr. D'Anniballe withdrew as counsel in both actions when Defendant Davis was no longer able to pay for his services. The Court appointed counsel for Defendant Davis in the criminal action. Prior to Defendant Davis' plea, Mr. D'Anniballe rejoined the criminal defense team. However, Defendant Davis remains pro se in the civil action.

litigants would give them an unfair advantage. Therefore, he stated he would assist the Government in transferring the material as outlined in Mr. D'Anniballe's letter.

On January 29, 2009, BB&T and the Fink Defendants responded to the Court's Order of January 12 with a Proposed Order that sets forth a detailed plan for handling the records. In their proposal, they identify an independent records management firm which will transport, store, and serve as an independent custodian of the documents. In addition, BB&T and the Fink Defendants agree to share in the expense of moving and storing the material, and they suggest a plan for restricted access to the material by the parties. They further state that they sent a copy of their proposal to Defendant Davis requesting a response, but none was received. Likewise, Defendant Davis did not respond to the Court on or before February 10.

## II.
## DISCUSSION

Rule 6(e)(3)(E)(i) (formerly Rule 6(e)(3)(C)(i)) permits a court to authorize disclosure "preliminarily to or in connection with a judicial proceeding." *Fed. R. Crim. P.* 6(e)(3)(E)(i), in part. In *United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983), the Supreme Court stated that the burden is on the applicant to establish "a strong showing of particularized need for grand jury materials before any disclosure will be permitted." 463 U.S. at 443. To make such a showing, the movant must demonstrate the material is

> needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations . . . . For in considering the effects of

> disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.

*Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979) (footnote omitted). It is the court's responsibility to carefully weigh the public's interest in keeping grand jury material secret with the private litigants interest in having the material disclosed. *Id*. at 223. When it is the Government that seeks the release of grand jury materials on behalf of private litigants, it must make the same showing required of a private party and it must give notice to the affected parties unless it can demonstrate a specific showing warranting the disclosure *ex parte*. *United State v. Nix*, 21 F.3d 347, 351-52 (9th Cir. 1994).

Here, the affected parties clearly have notice of the motion, and the Court has no difficulty finding that the civil litigants have a particularized need to the grand jury material at issue. First, the Court recognizes that the original financial records of Defendant Davis and his businesses are essential to the civil action. The Court anticipates that those records likely will be some of the most important evidence, if not the most important evidence, in the civil case. If the Court were to find the Government could not disclose those documents, it would constitute a serious injustice to the civil litigants. Second, the Government's motion is limited only to those documents received through the subpoenas. The Government asserts that the disclosure only includes those documents which existed independent of the grand jury and it does not include any documents created for the grand jury. Thus, witness lists, grand jury testimony, and any other information given or created by the grand jury will not be disclosed by the Government, and the secrecy of that information will be preserved. Third, but for the fact Defendant Davis represented to the Government that he is unable

to retrieve or store the documents at issue, the Government states it would be its normal procedure to return the original documents to Defendant Davis. In that event, those documents would be subject to discovery and in all likelihood will be disclosed to the civil litigants regardless of the fact that they were once held by the grand jury. Moreover, BB&T asserts it has a contractual rights to access the documents, independent of discovery, pursuant to written agreements it has with Defendant Davis. Balancing these factors against the interest in preserving the secrecy of the grand jury, the Court finds it appropriate for the Government to disclose the limited grand jury material at issue to the civil litigants pursuant to Rule 6(e)(3)(E)(i) under the circumstances of this case and, therefore, **GRANTS** the Government's motion.

The next issue for the Court to consider is how to handle the disclosure. The Court finds that Defendant Davis' suggestion that the documents be turned over to his wife, upon the condition that she be protected from liability for misplaced or destroyed material, is not a viable option. BB&T and the Fink Defendants understandably will not agree to protect Defendant Davis' wife from liability. Defendant Davis has given the Court no other proposal to deal with the material, and he has not responded to BB&T and the Fink Defendant's proposal to have the documents transferred, stored, and monitored by an independent records management firm at their expense. The Court finds that this proposal is reasonable and the best way to secure the transfer, storage, and integrity of the material. Therefore, the Court **ORDERS** as follows:

1. Counsel for BB&T shall set up a conference call on or before **March 9, 2009,** with counsel for the Fink Defendants, Susan Robinson, of the United States Attorney's Office, and Defendant Davis or his designee to determine a date and time that the documents will be transferred. Any party to this action shall have the right to be present and observe the transportation of the documents. As Defendant Davis is incarcerated, he shall have the right to select a representative to be present on his

        behalf to observe the transportation and storage of the documents. This representative may not review or copy any of the documents except as provided for in paragraph 5.

2. On the day and time selected by the parties, the documents shall be transported by Tri-Data, Inc. from the offices of the United States Attorney for the Southern District of West Virginia, located at the Sidney L. Christie Federal Building, 845 Fifth Avenue, Huntington, West Virginia, 25701 to Tri-Data, Inc.'s office located at 1601 Washington Avenue, Huntington, West Virginia.

3. Upon transfer, the documents shall remain in the sole custody of Tri-Data at its location until further order of the Court. No document may be removed from that location for any purpose.

4. BB&T and the Fink Defendants shall each bear one half of the moving and storage expenses as invoiced by Tri-Data.

5. The documents may be reviewed and copied by any party to this action, their counsel of record or previously disclosed experts of record, or such counsel's staff acting at such counsel's direction. As Defendant Davis is incarcerated and is acting pro se in the civil proceeding, he may select a representative to review and copy material for him. Before such representative is given access to the documents, Defendant Davis must request an Order of this Court designating the named representative to act on his behalf for such purpose. Tri-Data shall make the documents available only to those described in this paragraph. It further shall maintain a written log of all persons who are afforded access to the documents, those individuals' addresses and phone numbers, the date they reviewed the records, and the name of the party they represent.

6. Before accessing, inspecting, or copying any of the documents, any party to the civil action shall provide at least ten (10) days advance written notice to all other parties. Such notice shall be filed with the Court and shall designate the specific date, time, and anticipated duration of the party's access to the documents. The additional charges, if any, of Tri-Data related to such access, inspection, or copying shall be borne by that party. Any other party, their counsel of record, such counsel's staff acting at counsel's direction, or Defendant Davis' court approved representative shall be entitled to be present and obtain a duplicate set of any such copies at its own expense.

7. Any accessing party shall present to Tri-Data a written copy of the notice as filed with the Court. Any person afforded access to the documents, or attending any such access, shall present to Tri-Data positive identification and other information reasonably necessary to establish that person's right to access or attend on behalf of a party.

## III.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** the Government's Motion to Disclose Grand Jury Materials [doc. no. 201] and **DIRECTS** the parties to comply with the terms of the disclosure as provided for above in paragraphs 1 through 7.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to the United States Attorney's Office, Robert J. D'Anniballe, Jr., Troy Giatras, Frederick Davis, and all counsel of record.

ENTER: February 27, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE